**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5094**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

ROBERT EVERETT YOUNG,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:09-cr-00196-CMH-2)

Submitted:  February 7, 2011          Decided:  March 4, 2011

Before TRAXLER, Chief Judge, and WILKINSON and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Brian J. Grossman, CROWGEY & GROSSMAN, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Lanny A. Breuer, Assistant Attorney General, Ellen R. Meltzer, Steve A. Linick, Andrew N. Gentin, Brigham Q. Cannon, U.S. DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Everett Young pled guilty without a plea agreement to one count of conspiracy to defraud the United States Department of Defense, in violation of 18 U.S.C. § 371 (2006) (count one), and one count of theft of and aiding and abetting the theft of the property of the United States, in violation of 18 U.S.C. §§ 2, 641 (2006) (count two). The district court calculated Young's Guidelines sentences at sixty months' imprisonment on count one and 120 months' imprisonment on count two, see U.S. Sentencing Guidelines Manual ("USSG") (2008), and sentenced Young to sixty months' imprisonment on count one and a concurrent term of ninety-seven months' imprisonment on count two. Young appeals his sentence, asserting that: (1) the district court erred in the manner in which it ruled on his objections to the presentence report ("PSR"); (2) the court erred in calculating his Guidelines sentences; and (3) his sentence is substantively unreasonable. We affirm.

Young asserts that the district court failed to comply with Fed. R. Crim. P. 32(i)(3)(B) by failing to make a clear ruling indicating it was overruling his objections to the PSR. Young, however, failed to raise an objection based on Rule 32 at sentencing. Accordingly, we review this issue for plain error. Puckett v. United States, 129 S. Ct. 1423, 1428-29 (2009).

2

Rule 32(i)(3)(B) of the Federal Rules of Criminal Procedure requires a district court "-for any disputed portion of the presentence report or other controverted matter-[to] rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." The purpose of the rule "is to ensure that a record is made as to how the district court ruled on any alleged inaccuracy in the PSR." United States v. Walker, 29 F.3d 908, 911 (4th Cir. 1994). This court has concluded, however, that a district court "need not articulate findings as to disputed factual allegations with minute specificity." United States v. Bolden, 325 F.3d 471, 497 (4th Cir. 2003) (internal quotation marks and alteration omitted).

Moreover, the district court can satisfy Rule 32(i)(3)(B) by "simply adopt[ing] the findings contained in [the] PSR, provided that [the court] makes clear which disputed issues were resolved by its adoption." Id. (internal quotation marks omitted). The court may adopt "the PSR's findings in toto" if "the context of the ruling makes clear that [it] intended [by the adoption] to rule on each of the alleged factual inaccuracies." Walker, 29 F.3d at 911 (holding that the district court's statement from the bench that it overruled the objections filed by the defendant, taken together with the

3

court's Statement of Reasons form, satisfied Rule 32 because it demonstrated that the court was adopting each of the PSR's findings) (internal quotation marks omitted).

In this case, after hearing argument on the objections to the PSR from Young's counsel and counsel for the Government, the district court stated that it "f[ound] the [G]uideline factors to be properly assessed in this case." In the Statement of Reasons accompanying the criminal judgment, the district court indicates that it adopted the factual findings in the PSR. Implicit in the district court's acceptance of the factual findings in the PSR was the court's rejection of Young's objections to them. We therefore conclude that the district court did not commit error — plain or otherwise — in ruling on Young's objections to the PSR.

Next, Young asserts that the district court erred in applying a twenty-two level enhancement to his base offense level under USSG § 2B1.1(b)(1)(L) for a loss exceeding $20,000,000. The district court's determination of the loss amount attributable to a defendant is a factual matter reviewed for clear error. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007).

Enhancements under USSG § 2B1.1(b) are to be determined by the amount of loss suffered as the result of the fraud. The loss amount is the greater of the actual loss or the

4

intended loss. USSG § 2B1.1, cmt. n.3(A). "Actual loss" is defined as "the reasonably foreseeable pecuniary harm that resulted from the offense." Id., cmt. n.3(A)(i). Further, Application Note 3(C) to USSG § 2B1.1 provides that the district court need only make a reasonable estimate of the loss.

In this case, the PSR recommended application of the twenty-two level enhancement under USSG § 2B1.1(b)(1)(L) for a loss exceeding $20,000,000 based on the determination in the statement of facts accompanying Young's guilty plea that the value of the fuel Young and his co-conspirators stole was $39,651,936. In his objections to the PSR, Young contended that it overestimated the loss caused by his offenses. In Young's view, the value of the fuel stolen by members of the conspiracy fell between $21,919,089 and $23,978,018, before any applicable discounts.

In responding to Young's objection, the Government conceded that the statement of facts erroneously stated the loss amount as $39,651,936. The Government explained that the $39,651,936 figure was based on the fuel prices set by the Defense Energy Support Center ("DESC") — the primary entity responsible for procuring ground and aviation fuel for the Department of Defense — as of July 2008, instead of the prices in effect during October 2007 through May 2008, when Young participated in the conspiracy. The Government asserted,

however, that application of the twenty-two level enhancement was still appropriate because the value of the fuel, utilizing DESC prices in effect when Young participated in the conspiracy, was $26,276,472, well over the $20,000,000 threshold necessary to warrant the enhancement under USSG § 2B1.1(b)(1)(L). The district court overruled Young's objection and adopted the PSR's finding that the loss caused by Young's offenses was $39,651,936.

Based on the Government's concession, we conclude that the district court erred in calculating the loss amount at $39,651,936. District court errors in sentencing calculations, however, are subject to review for harmlessness. United States v. Mehta, 594 F.3d 277, 283 (4th Cir.), cert. denied, 131 S. Ct. 279 (2010). A district court's error is harmless "if the resulting sentence was not longer than that to which the defendant would otherwise be subject." Id. (internal quotation marks and alteration omitted). In determining Young's sentence, the district court applied the enhancement corresponding to a loss range of over $20,000,000 to $50,000,000. Because the record shows that a reasonable estimate of the loss in this case would exceed $20,000,000, the district court's calculation error did not result in a longer sentence for Young. Young therefore received the same sentence he would have received had the district court not erred in its calculation. Because the

6

district court's error is harmless, Young is entitled to no relief on this claim.

Young also challenges the district court's application of the three-level enhancement under USSG § 3B1.1 for his aggravating role in the offenses. Section 3B1.1(b) of the Guidelines provides for a three-level enhancement in a defendant's offense level "[i]f the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." USSG § 3B1.1(b).[*] In assessing whether a defendant played an aggravating role in an offense of conviction, "the key inquiry is whether the defendant's role was that of an organizer or leader of people, as opposed to that of a manager over the property, assets, or activities of a criminal organization." United States v. Llamas, 599 F.3d 381, 390 (4th Cir. 2010) (internal quotation marks omitted). "Thus, the aggravating role adjustment is appropriate where the evidence demonstrates that the defendant 'controlled the activities of other participants' or 'exercised management responsibility.'" Id. (quoting United States v. Bartley, 230 F.3d 667, 674 (4th Cir. 2000)). The district court's determination that a defendant played an

---

[*] Young has not asserted that the criminal activity he was found to have managed involved fewer than five participants or was not otherwise extensive.

7

aggravating role in an offense is a factual determination we review for clear error. United States v. Kellam, 568 F.3d 125, 147-48 (4th Cir. 2009).

Young argues that the district court's determination that he was a manager was erroneous because the evidence is insufficient to show that he managed others involved in or the business of the conspiracy. We disagree. The record shows that Young participated in a scheme with several others to steal fuel from the United States Army and sell it on the black market in Iraq. And although Young joined the conspiracy as an escort for those stealing the fuel and continued in this role through December 2007, by late 2007 or early January 2008, his role in the scheme had changed. From that point through April 2007, he directed the activities of the scheme's participants, coordinating drivers and escorts to steal fuel. Young also was responsible for collecting and counting proceeds from the scheme and paying participants. Further, prior to and after he left Iraq — the situs for the conspiracy — Young took pains to ensure continuity of operations in the scheme, meeting with the co-conspirator who took over management of its operations for the purpose of facilitating the management transition and tutoring the co-conspirator.

These findings are sufficient to justify the imposition of the three-level enhancement for Young's managerial

8

role.  See, e.g., Llamas, 599 F.3d at 389-90 (affirming USSG § 3B1.1(b) enhancement where the defendant "exercised supervisory responsibility over" the activities of a call center by, inter alia, enforcing the center's rules, punishing non-compliant operators, and coordinating the operators' activities); Bartley, 230 F.3d at 673-74 (affirming USSG § 3B1.1(b) enhancement where the defendant directed the activities of street-level drug dealers and advised them on sales techniques, set prices and payment terms, arranged logistics of delivery, and directed the mailing and transport of drugs).  Accordingly, the district court did not clearly err in applying the three-level enhancement for Young's aggravating role.

Young also asserts that he should have received a reduction under USSG § 3B1.2 for his mitigating role.  Under USSG § 3B1.2(a)-(b), a defendant who is a "minimal participant" in criminal activity may have his offense level reduced by four levels, and a defendant who is a "minor participant" may have his offense level reduced by two levels.  Cases falling between subsections (a) and (b) warrant a three-level reduction.  USSG § 3B1.2.  In deciding whether the defendant played a minor or minimal role, the "critical inquiry" is "whether the defendant's conduct is material or essential to committing the offense." United States v. Pratt, 239 F.3d 640, 646 (4th Cir. 2001)

9

(internal quotation marks omitted).  We review for clear error the district court's decision that a defendant did not have a mitigating role in an offense.  See United States v. Kiulin, 360 F.3d 456, 463 (4th Cir. 2004).

We conclude that the district court reasonably did not grant Young a reduction under USSG § 3B1.2 because the record shows that he was a manager in the fuel theft conspiracy.  Young's managerial activities demonstrate that his role cannot be defined as either minor or minimal.  Accordingly, the district court did not clearly err in refusing to apply a reduction for Young's mitigating role.

Young asserts that he should have received a two-level reduction under USSG § 3E1.1(a) for acceptance of responsibility.  A two-level reduction in a defendant's offense level is warranted if he clearly demonstrates acceptance of responsibility for his offenses.  USSG § 3E1.1(a).  An adjustment for acceptance of responsibility does not result automatically from the entry of a guilty plea; rather, in order to receive such a reduction, "the defendant must prove by a preponderance of the evidence that he has clearly recognized and affirmatively accepted personal responsibility for his criminal conduct."  United States v. May, 359 F.3d 683, 693 (4th Cir. 2004) (internal quotation marks omitted).  In determining whether an adjustment is warranted, the district court may

10

consider whether the defendant has "truthfully admitt[ed] the conduct comprising the offense(s) of conviction, and truthfully admitt[ed] or not falsely den[ied] any additional relevant conduct for which the defendant is accountable under [USSG] § 1B1.3." USSG § 3E1.1, cmt. n.1(a).

Young asserts that he is entitled to a reduction for acceptance of responsibility based on a statement he submitted to the Probation Office after pleading guilty in which he admitted his role in the fuel theft conspiracy. The PSR, however, recommended against application of the two-level reduction for acceptance of responsibility because, after pleading guilty, Young "backtrack[ed]" from his admissions of guilt in the statement of facts and the statement given to the Probation Office. Specifically, Young denied his knowledge of the scheme's illegality, the amount of profits gained from the scheme, and the length of his participation in it. These denials demonstrate Young's attempt to minimize his culpability. Accordingly, we conclude that the district court did not clearly err in refusing to grant a two-level reduction under USSG § 3E1.1(a). See May, 359 F.3d at 694.

Next, Young challenges the district court's refusal to grant a downward departure based on his extraordinary acceptance of responsibility, see USSG § 5K2.0, p.s. However, a district court's refusal to depart from the applicable Guidelines

11

sentence does not provide a basis for appeal under 18 U.S.C. § 3742 (2006), "unless the court failed to understand its authority to do so." United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008). Young does not suggest that the district court misunderstood its authority to depart. Accordingly, this claim is not reviewable on appeal.

Finally, Young claims that his sentence is substantively unreasonable, asserting that the 18 U.S.C. § 3553(a) (2006) factors support the imposition of a sentence less than ninety-seven months' imprisonment. In determining whether a sentence is substantively reasonable, this court "tak[es] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal quotation marks omitted). We also give deference to the district court's decision that the § 3553(a) factors justify a variant sentence and to the extent of that variance. Even if this court would have imposed a different sentence, this fact alone is not sufficient to justify reversing the district court. Id. at 473-74. Further, this court accords a sentence within a properly-calculated Guidelines range an appellate presumption of reasonableness. United States v. Abu Ali, 528 F.3d 210, 261 (4th Cir. 2008). Such a presumption is rebutted only by showing "that the sentence is unreasonable when measured against the

12

§ 3553(a) factors." <u>United States v. Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

After review of the record and Young's brief on appeal, we conclude that he has failed both to overcome the appellate presumption of reasonableness accorded the sixty-month sentence on count one and to show why this court should not give deference to the district court's decision that the § 3553(a) factors justified the below-Guidelines sentence of ninety-seven months' imprisonment on count two.

We therefore affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>